**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:18-CR-134-TLS-APR |
| BRANDON WINTERS | |

**OPINION AND ORDER**

The Defendant Brandon Winters pleaded guilty to Count 1 of the Superseding Indictment [ECF No. 25] charging him with unlawful possession of a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). *See* Plea Agreement ¶ 7(a), ECF No. 33. He is awaiting sentence. The United States Probation Office prepared a Presentence Investigation Report (PSR) [ECF No. 59] to which the Defendant raises an objection to the four-level adjustment under United States Sentencing Guidelines § 2K2.1(b)(6)(B). *See* Addendum to PSR, ECF No. 60; Def.'s Sentencing Mem., ECF No. 63. For the reasons stated below, the Defendant's objection is SUSTAINED.

**BACKGROUND**

On November 13, 2018, a police officer pursued a vehicle being driven at a high rate of speed by the Defendant. Gov't's Sentencing Mem. 2, ECF No. 48. After the Defendant stopped the car in a parking lot, a police officer made contact with the Defendant. *Id.* During the stop, the Defendant advised the officer that he had thrown a firearm out of the vehicle. *Id.* The officer located the firearm, which was identified as a Ruger 9mm pistol. *Id.* The firearm was loaded with fourteen rounds of live 9mm ammunition including one round in the chamber. *Id.* During a search of the vehicle, law enforcement officers recovered two plastic bags containing a green leafy substance from the center console and a box of fifty rounds of 9mm ammunition from the trunk. *Id.* at 2–3. The green leafy substance field-tested positive for marijuana. *Id.* at 3.

On November 14, 2018, after waiving his Miranda rights, the Defendant gave a video-recorded statement to agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives. *Id.* The Defendant admitted to possessing the gun that was recovered by law enforcement as well as the marijuana that was found in his vehicle. *Id.* He also admitted to being a convicted felon. *Id.* The Defendant told the agents that he paid $350 for the firearm, the ammunition came with the firearm, and he had possessed the firearm for approximately three weeks. *Id.* In addition, the Defendant told the agents that he does not smoke marijuana but provides it to his friends who smoke marijuana. *Id.*

The PSR sets the base offense level at 20 for the Defendant's violation of 18 U.S.C. § 922(g)(1), *see* PSR ¶ 16, and includes a four-level enhancement to the base offense level under § 2K2.1(b)(6)(B) on the basis that the Defendant possessed the firearm in connection with another felony, *see* PSR ¶ 17. After taking into account the Defendant's acceptance of responsibility adjustment, the total offense level is 21. *See* PSR ¶ 25. This offense level, when combined with the Defendant's criminal history category of III, yields a Guidelines range of 46 to 57 months of imprisonment. The Defendant objects to the enhancement, arguing that his total offense level should be 17 with a resulting Guidelines range of 30 to 37 months of imprisonment.

## ANALYSIS

The Defendant objects to the four-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(6)(B), arguing that, even though marijuana was found in his vehicle, there is no relationship between the marijuana and the gun. The Government contends that the close proximity of the gun to the marijuana in the vehicle and the Defendant's post-arrest statements support the enhancement because the Defendant used or possessed the firearm and ammunition in connection with another felony offense, namely, distribution of marijuana.

As relevant here, United States Sentencing Guidelines § 2K2.1(b)(6)(B) provides for a four-level enhancement "[i]f the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense." U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (U.S. Sentencing Comm'n 2018). Application Note 14 provides that subsection (b)(6)(B) "appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense . . . ." *Id.* cmt. n.14(A). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* cmt. n.14(C). In considering whether subsection (b)(6)(B) applies, the Court must "consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles." *Id.* cmt. n.14(E) (citing U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)–(4)); *see also United States v. Seals*, 813 F.3d 1038, 1045–46 (7th Cir. 2016) (holding that § 1B1.3(a) limits the application of § 2K2.1(b)(6)(B) to conduct related to the offense of conviction and that the court must make factual findings to support the conclusion that the offense of conviction was connected to the conduct underlying the enhancement).

"[I]n the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . application of subsection[] (b)(6)(B) . . . is warranted because the presence of the firearm has the potential of facilitating another felony offense . . . ." U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.14(B)(ii). In *United States v. Clinton*, the Seventh Circuit Court of Appeals explained: "That presumptive determination reflects the axiom that guns are indeed a routine part of the drug trade and facilitate that trade by providing protection from the theft of drugs or the cash proceeds of drug sales, as well as a deterrent to those who would compete in that drug trade." 825 F.3d 809, 812

3

(7th Cir. 2016). Thus, "[i]f a firearm is found in close proximity to the drugs or its paraphernalia, the conclusion that the firearm is connected to that drug activity is a reasonable one in light of the common use for that purpose." *Id.* (citing *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007)). The court cautioned that "[t]he term 'close proximity' must not be read out of the Application Note" as "[i]t is the close proximity that allows the court to find such a connection without any further evidence—the proximity alone provides the evidence that the two are connected." *Id.* at 812.

The Court finds that, although it is a close call, the government has not established by a preponderance of the evidence that the Defendant possessed the firearm in connection with the distribution of marijuana to his friends. *See United States v. Hines*, 449 F.3d 808, 815–16 (7th Cir. 2006) ("This court's case law clearly places upon the Government a 'burden to prove by a preponderance of the evidence that [a particular] sentencing enhancement is warranted.'" (quoting *United States v. Ewing*, 129 F.3d 430, 434 (7th Cir. 1997)). As an initial matter, the Defendant notes in his Sentencing Memorandum that there is no evidence of remuneration for the marijuana but also recognizes that the distribution of a small amount of marijuana for no remuneration is a federal offense. *See* 21 U.S.C. § 841(b)(4) ("[A]ny person who violates subsection (a) of this section by distributing a small amount of marihuana for no remuneration shall be treated as provided in section 844 of this title and section 3607 of Title 18."). The Defendant also recognizes that, because he has a prior possession conviction, the penalty is a term of imprisonment for not less than fifteen days but not more than two years. *See* 21 U.S.C. § 844(a).

Here, the evidence does not establish that the Defendant used or possessed the gun in connection with the distribution of marijuana to his friends nor is it a reasonable conclusion based on the minimal evidence in this case. In post-arrest statements to investigators, the

4

Defendant admitted that he possessed the gun that he had thrown from the vehicle, he paid $350 for the gun, the ammunition came with the gun, and he had possessed the gun for three weeks. Yet, the Defendant objects that the gun is not connected to the marijuana because he did not need a firearm to protect himself when sharing marijuana with friends, that he possessed the gun because he was afraid of an unidentified man who had threatened him, and that there was no drug transaction in this case. *See* Def.'s Sentencing Mem. 2, 4. He also asserts that the gun was not found in the vehicle and that the ammunition in the trunk was not accessible from the vehicle or in close proximity to the marijuana. *Id.* at 4–5.

Indeed, the fact that he tossed the loaded handgun from the vehicle but not the marijuana and that the ammunition was in the trunk but not accessible from the vehicle or in close proximity to the marijuana suggests that the Defendant had the gun for personal protection as opposed to protection of the marijuana distribution to his friends. Nothing in the record indicates that his friends posed a threat or that he required the protection or deterrence of a firearm in relation to the distribution of marijuana to friends with no exchange of money. The Defendant's brief references that 22.6 gross grams of marijuana were found in the two bags; this small amount suggests personal use, which is consistent with the Defendant's statement that he gave the marijuana to his friends. In this case, the Defendant was not charged with trafficking or distribution; Count 3 of the Superseding Indictment charges the Defendant only with possession of marijuana. The Defendant's criminal history shows two felony convictions involving the use of firearms in September 2009 and October 2009, but there are no related drug trafficking convictions on his record. (The September 2009 conviction included a conviction for possession of cocaine.) There is no other history of trafficking or dealing. Although the gun and the marijuana were "proximate" to each other within the interior of the Defendant's vehicle, there is no evidence or history that the firearm was possessed in connection with another felony of

5

trafficking or distribution of marijuana. The circumstances of there being distribution of marijuana are speculative and insufficient to support the four-level enhancement under § 2K2.1(b)(6)(B) in this case. Accordingly, the Court sustains the Defendant's objection, and Paragraphs 17, 21, and 25 of the PSR will be revised accordingly.

## CONCLUSION

For the reasons stated above, the Defendant's Objection to the Presentence Investigation Report [ECF No. 60] regarding the four-level adjustment under United States Sentencing Guidelines § 2K2.1(b)(6)(B) is SUSTAINED. As a result, the Defendant's total offense level is 17. Combined with his criminal history category of III, the Defendant's advisory Guideline range is 30 to 37 months of imprisonment. The PSR will be revised accordingly. At the sentencing hearing, the Court will determine what sentence is appropriate for the Defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a).

SO ORDERED on January 20, 2021.

                                                s/ Theresa L. Springmann
                                                JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT